J-S12006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICCARDO JAMES LAW, JR. | : | |
| | : | |
| Appellant | : | No. 2141 EDA 2024 |

Appeal from the PCRA Order Entered July 19, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001036-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICCARDO JAMES LAW, JR. | : | |
| | : | |
| Appellant | : | No. 3383 EDA 2024 |

Appeal from the PCRA Order Entered July 19, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001697-2017

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                   **FILED JULY 18, 2025**

Appellant, Riccardo James Law, Jr., appeals *pro se* from the order of the Court of Common Pleas of Lehigh County dismissing as untimely his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The underlying facts are not in dispute.  Briefly, on April 29, 2019, Appellant pleaded guilty to two counts of possession with intent to deliver,

receiving stolen property, and possession of drug paraphernalia across both dockets. On May 28, 2019, Appellant was sentenced to an aggregate imprisonment term of 7 to twenty years. Appellant appealed, but his appeal was dismissed on January 22, 2020, for counsel's failure to file a brief.

Appellant filed a timely PCRA petition on February 11, 2020, and sought reinstatement of his direct appellate rights. His direct appeal rights were reinstated on March 9, 2021. Appellant filed an appeal, but the appeal was discontinued on September 14, 2021, at his request.

On July 18, 2023, Appellant filed a *nunc pro tunc* motion to modify sentence. As the court no longer had jurisdiction to modify Appellant's sentence, Appellant's motion was properly treated as a second PCRA petition. PCRA counsel was appointed, who subsequently filed a **Turner**/**Finley**[1] no-merit letter and a motion to withdraw. Counsel was permitted to withdraw after a hearing. On February 26, 2024, the PCRA court issued its notice of intent to dismiss Appellant's petition as untimely. Appellant did not file a response, and his petition was dismissed on March 26, 2024. No appeal was filed.

Appellant filed the instant *pro se* PCRA petition on June 13, 2024. He raised several substantive issues regarding his guilty pleas. However, he failed to assert a timeliness exception. On June 17, 2024, the PCRA issued its notice of intent to dismiss Appellant's petition as untimely. Appellant filed a

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

response[2], and on July 19, 2024, the PCRA dismissed his petition. This appeal followed. Appellant raises several issues for our review:

1. Did the PCRA court impermissibly time-bar a question of legality of sentence that is non-waivable and is a question of law?

2. Did the Commonwealth prejudice [Appellant] certain constitutional rights when circumventing the mandatory requirements of Rule 544 & Rule 132 motion(s) when reinstituting the charges?

3. Did the Commonwealth rely on knowingly tainted evidence obtained through police misconduct tactics, violations of unlawful arrest, seizure and perjured affidavits, statements and testimony by the primary witness as the case-in-chief to prosecute and convict?

4. Did the Commonwealth coerce an unintelligent, unknowing and involuntary plea through the use of police misconduct evidence and illegally seized evidence in violation of the 4th Amendment as a coercive pressure point to compel a plea and excessive sentence (punishment)?

5. Did defense counsel's adequacy of representation fall below the objective standard of the 6th Amendment rendering his representation at a critical stage of a criminal proceedings as ineffective assistance?

6. Did the Commonwealth commit a **Brady**[3] violation by withholding the police traffic stop camera video and police surveillance video of [Appellant] before traffic stop and vehicle and arrest, as well as, the affidavit of probable cause to conduct surveillance of [Appellant] and/or 516 Austin St. residence?

Appellant's *Pro Se* Brief, at iv (cleaned up).

_____

[2] Appellant argued that an illegal sentencing claim was not waivable. He did not assert any timeliness exception.

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See e.g., Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.[4] 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claim." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Small*, *supra*). Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether

_____

[4] For an exception to apply, a petitioner must (1) plead and prove one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising the exception within one year from the date on which the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

- 4 -

Appellant's petition was timely before we are permitted to address the substantive claims. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

The instant petition is untimely on its face. Appellant's judgment of sentence became final on September 14, 2021, upon discontinuation of his direct appeal. Consequently, Appellant had one year – until September 14, 2022 – to file a timely PCRA petition. The instant petition was filed on June 13, 2024, two years and eight months after the judgment of sentence became final.

Appellant failed to assert an exception to the one-year time requirement. On appeal, he claims the PCRA court erred by barring his illegal sentence claim. Appellant's *Pro Se* Brief, at 1-4. He contends that a challenge to the legality of a sentence is not waivable. **Id.** at 1. "Although legality of a sentence is always subject to review with the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Armolt**, 294 A.3d 364, 378 (Pa. 2023) (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)). Because Appellant failed to assert a timeliness exception, the PCRA court properly dismissed his petition as untimely. "Without jurisdiction, we simply do not have the legal authority to address the substantive claim[s]." **Chester**, **supra**. Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>7/18/2025</u>